# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| NICO HERRON and PATIENCE TURNER on behalf of minor child, X.E., | * * * * | |
| | * | No. 17-700V |
| | * | Special Master Christian J. Moran |
| Petitioners, | * * | |
| v. | * * | Filed: June 10, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Entitlement, dismissal |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Gerald Edwin Rush, II</u>, Rush Law and Consulting, APC, Los Angeles, CA, for petitioner;
<u>Heather L. Pearlman</u>, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

     Nico Herron and Patience Turner filed a petition on behalf of her child, X.E., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa—10 through 34, on September 22, 2017. The petition alleged that the rotavirus vaccination that X.E. received on May 15, 2015, caused X.E. to suffer intussusception or, in the alternative, "some form of neurological syndrome or physical injury," and lead to his eventual death. See Petition, filed May 26, 2017, at 1-2. On May 21, 2019, petitioners moved for a decision dismissing their petition.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. **Procedural History**

The petitioners filed a petition on behalf of X.E. on May 26, 2017. The petitioners finished submitting X.E.'s medical records and a statement of completion on January 17, 2018.

On April 5, 2018, the Secretary filed his Rule 4 report opposing a finding of entitlement. The Secretary noted that none of X.E.'s doctors had made a diagnosis of intussusception and argued that the medical records did not support intussusception. The Secretary pointed out that none of X.E.'s treating physicians proposed a connection between the vaccination and X.E.'s injuries or his eventual death. The Secretary also noted that the petitioners had not yet proposed a medical theory for how the vaccinations caused X.E.'s injuries and his eventual death. The Secretary requested that the petitioners file additional medical records.

At the Rule 5 status conference on April 11, 2018, the petitioners advised that they might also be pursuing a sudden infant death syndrome ("SIDS") theory. The undersigned informed petitioners, and petitioners' counsel, who was new to the Vaccine Program, of the generally unsuccessful history of SIDS claims in the Vaccine Program. The petitioners were ordered to file the outstanding medical records and other documents.

After the petitioners submitted some outstanding records and concluded that other records were not available, the case proceeded to the expert report phase. The undersigned then issued expert instructions. Order, issued Aug. 22, 2018. Following a September 10, 2018 status conference to discuss the instructions, the petitioners' expert report deadline was set for November 9, 2018.

After obtaining several extensions of time for their expert report, the petitioners advised that they were seeking a stipulated dismissal but had to wait until the government shutdown ended to confer with the Secretary's counsel. Pet'rs' Mot., filed Jan. 18, 2019. On April 20, 2019, petitioners filed a notice to withdraw petition pursuant to 42 U.S.C. § 300aa-21(b). Because the petitioners were not eligible to withdraw their petitioner pursuant to 42 U.S.C. § 300aa-21(b), the petitioners were advised to pursue another option to conclude their case. On May 21, 2019, the petitioners moved for a decision dismissing their petition. The Secretary did not file a response.

This matter is now ready for adjudication.

## II. <u>Analysis</u>

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that X.E. suffered a "Table Injury." Further, the record does not contain other persuasive evidence indicating that X.E.'s injuries and eventual death are vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.

In the instant motion, the petitioners stated that "they will be unlikely to prove they are entitled to compensation in the Vaccine Program given the challenges facing them in proving their case." A review of the record supports the conclusion that the petitioners have not proposed a medical theory connecting the rotavirus to X.E. injuries or his eventual death and that X.E.'s treating physicians did not relate the vaccinations to X.E.'s injuries or his eventual death.

Accordingly, the undersigned finds that the petitioners have not demonstrated that the rotavirus vaccination "actually caused" X.E.'s injuries or lead to his eventual death.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master